UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS (SHERMAN DIVISION)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>JILL HALL MANDICHAK, SEAN LYNCH, KATHERINE NGUYEN,<br>Defendants. | Case No. 4:22-cr-00162-ALM-KPJ-3 |
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>DAVIDSON ARLEI MOSQUERA,<br>Defendant. | Case No. 4:21-cr-00279-SDJ-KPJ-3<br><br>Plano, Texas<br>December 15, 2022<br>10:07 a.m. |

TRANSCRIPT OF CHANGE OF PLEA HEARING
BEFORE THE HONORABLE KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

| | |
|---|---|
| For the Plaintiffs: (22-cr-00162) | Anand Varadarajan, Esq.<br>U.S. Attorney's Office<br>101 E. Park Boulevard<br>Suite 500<br>Plano, TX 75074 |
| For the Plaintiff: (21-cr-00279) | Wes Wynne, Esq.<br>U.S. Attorney's Office<br>101 E. Park Boulevard<br>Suite 500<br>Plano, TX 75074 |
| For the Defendant: (Jill Mandichak) | Robert R. Smith, Esq.<br>Law Offices of Robert R. Smith,PC<br>500 N Akard<br>Suite 2150<br>Dallas, TX 75201 |

APPEARANCES (continued):

| | |
|---|---|
| For the Defendant:<br>(Sean Lynch) | Arnold Spencer, Esq.<br>Spencer & Associates<br>5956 Sherry Ln, Ste 2000<br>Dallas, TX 75225 |
| For the Defendant:<br>(Katherine Nguyen) | James Whalen, Esq.<br>Law Office<br>9300 John Hickman Parkway<br>Suite 501<br>Frisco, TX 75035 |
| For the Defendant:<br>(Davidson Mosquera) | Heath E. Hyde, Esq.<br>Heath Hyde, PC<br>214 Connally Street<br>Ste A<br>Sulphur Springs, TX 75482 |
| Court Recorder: | MMC |
| Transcription Service: | Chris Hwang<br>Abba Reporting<br>PO Box 223282<br>Chantilly, Virginia 20153<br>(518) 302-6772 |

Proceedings recorded by electronic sound recording; transcript produced by transcription service.

(Call to order at 10:07 a.m.)

THE COURT: I'm going to call the next two matters, but the second matter has three people. So please stand in the order that I call your case, 4:21-CR-279, United States v. Davidson Arlei Mosquera. And then, 4:22-CR-162, United States v. Jill Hall Mandichak, Sean Lynch, and Katherine Nguyen.

MR. VARADARAJAN: Good morning, Your Honor, Anand Varadarajan on behalf of the United States.

THE COURT: Good morning.

MR. WYNNE: Wes Wynne on behalf of the United States in regards to Davidson Mosquera.

MR. HYDE: Heath Hyde for Mr. Davidson.

THE COURT: Good morning.

MR. SMITH: Robert Smith and Jill Mandichak.

THE COURT: Good morning.

Are you ready to proceed, counsel?

MR. SPENCER: Yes, Your Honor.

THE COURT: All right, and Mr. Whalen?

MR. WHALEN: Yes, James Whalen for Katherine Nguyen, Your Honor. Good morning.

THE COURT: All right, sirs and ma'am, please raise your right hand to be sworn.

(Mr. Mosquera, Ms. Mandichak, Mr. Lynch, and Ms. Nguyen are sworn)

THE COURT: All right, we're here today for your

change of plea hearing. I'm going to ask you a series of questions. If you'll please answer my questions one at a time and in the order that I called your case.

Please state your full name and age for the record?

MR. MOSQUERA (through interpreter): Davidson Arlei Mosquera Valencia.

THE COURT: Your age?

MR. MOSQUERA: 34 years old.

THE COURT: Okay.

MS. MANDICHAK: Jill Hall Mandichak, 43.

MR. LYNCH: Sean Michael Lynch, 50.

MS. NGUYEN: Katherine Nguyen, 38.

THE COURT: What is the last grade of school that you've completed?

MR. MOSQUERA: Third.

THE COURT: Sir, can you read and write?

MR. MOSQUERA: A little.

THE COURT: Okay.

MS. MANDICHAK: MBA.

THE COURT: Okay.

MR. LYNCH: Fifth year for standard degree.

THE COURT: Okay.

MS. NGUYEN: Associates in applied sciences.

THE COURT: Okay, have you ever been diagnosed with any mental illness or problem?

MR. MOSQUERA: No.

MS. MANDICHAK: No.

MR. LYNCH: No.

MS. NGUYEN: NO.

THE COURT: Are you currently under the influence of any drug or alcohol?

MR. MOSQUERA: Alcohol.

THE COURT: No, right now, sir, like this morning, have you had alcohol?

MR. MOSQUERA: No, no.

THE COURT: Okay.

MS. MANDICHAK: No.

MR. LYNCH: No.

MS. NGUYEN: No.

THE COURT: All right, counsel, do you believe your client is competent to proceed here today?

MR. HYDE: Yes, Your Honor.

MR. SMITH: Yes, Your Honor.

MR. SPENCER: Yes, Your Honor.

MR. WHALEN: Yes, Your Honor.

THE COURT: Each of you have the right to proceed before the District Judge for your plea of guilty or you can proceed before me. I'm a United States magistrate judge. I'll make a recommendation to the district court.

Do each of you understand that you have this right?

MR. MOSQUERA: Yes.

MS. MANDICHAK: Yes.

MR. LYNCH: Yes.

MS. NGUYEN: Yes.

THE COURT: I've received signed waiver and consent forms for -- to proceed before me with your entry of guilty plea. Can you confirm for the record that you signed that document?

MR. MOSQUERA: Yes.

MS. MANDICHAK: Yes.

MR. LYNCH: Yes.

MS. NGUYEN: Yes.

THE COURT: Did you review the document with your attorney before you signed it?

MR. MOSQUERA: Yes.

MS. MANDICHAK: Yes.

MR. LYNCH: Yes.

MS. NGUYEN: Yes.

THE COURT: All right, I find the waiver and consent has been knowingly and voluntarily given. Each of you have been charged with violations of federal criminal law in an underlying indictment. Have you received a copy of your indictment?

MR. MOSQUERA: Yes.

MS. MANDICHAK: Yes.

MR. LYNCH: Yes.

MS. NGUYEN: Yes.

THE COURT: Okay, each of you have the right to have your indictment read aloud at this time or you may waive that right. What would you like to do?

MR. MOSQUERA: Yes.

THE COURT: Mr. Mosquera, do you want your indictment read aloud at this time?

MR. MOSQUERA: No.

MS. MANDICHAK: Waive.

MR. LYNCH: Waive.

MS. NGUYEN: Waive.

THE COURT: Do you understand the nature of the charges that are alleged against you?

MR. MOSQUERA: Yes.

MS. MANDICHAK: Yes.

MR. LYNCH: Yes.

MS. NGUYEN: Yes.

THE COURT: Have you had sufficient time to review and discuss your case with your attorney?

MR. MOSQUERA: Yes.

MS. MANDICHAK: Yes.

MR. LYNCH: Yes.

MS. NGUYEN: Yes.

THE COURT: Are you satisfied with the advice and

representation that's been given to you?

MR. MOSQUERA: Yes.

MS. MANDICHAK: Yes.

MR. LYNCH: Yes.

MS. NGUYEN: Yes.

THE COURT: At this time, I'll ask the Assistant United States Attorneys to advise each of you of the elements of the offense that you're pleading guilty to.

These are the elements that the Government would be required to prove beyond a reasonable doubt to establish your guilt if you were to go to trial.

MR. WYNNE: Davidson Arlei Mosquera's stands charged in the indictment with a violation of Title 21, USC §846. That's conspiracy to manufacture and distribute cocaine intending, knowing, and with reasonable cause to believe that the cocaine would be unlawfully imported into the United States.

The essential elements that must be proven beyond a reasonable doubt for a violation of Title 21 USC §963 as charged in Count 2 of his indictment are as follows.

That the Defendant and one or more persons directly or indirectly reached an agreement to commit the crime charged in the indictment, that is to manufacture and distribute cocaine intending, knowing, with reasonable cause to believe that the cocaine would be unlawfully imported into the United

States, that the Defendant knew of the unlawful purpose of the agreement, that the Defendant joined in the agreement willfully, that is, with the intent to further its unlawful purpose.

That the overall scope of the conspiracy involved 5 kilograms or more of a mixture or substance containing a detectible amount of cocaine.

And that the Defendant knew or reasonably should have known that the scope of the conspiracy involved at least 5 kilograms or more of a mixture or substance containing a detectible amount of cocaine.

That the purpose of the conspiracy was to import cocaine into the United States, that there was a sufficient nexus between the substance in the United States. And the Defendant had an intent or knowledge that such substance would be unlawfully imported into the United States.

MR. VARADARAJAN: And Your Honor, with respect to Ms. Hall Mandichak, Mr. Lynch, and Ms. Nguyen, they're charged in Count 1 of their indictment with violating Title 18, United States Code §1349, conspiracy to commit wire fraud.

There are three elements that the Government would have to prove. First, that the Defendant agreed with one or more persons to commit wire fraud.

Second, that the Defendant knew the unlawful purpose of the agreement.

And third, that the Defendant joined in the agreement with the intent to further that unlawful purpose.

THE COURT: Thank you.

Do each of you understand the elements of the offense set forth for your case?

MR. MOSQUERA: Yes.

MS. MANDICHAK: Yes.

MR. LYNCH: Yes.

MS. NGUYEN: Yes.

THE COURT: And do you admit that you committed each one of those elements?

MR. MOSQUERA: Yes.

MS. MANDICHAK: Yes.

MR. LYNCH: Yes.

MS. NGUYEN: Yes.

THE COURT: I've received plea documents in each of your cases consisting of a plea agreement, a plea agreement addendum, and a factual basis. Can you confirm for the record you signed each one of your plea documents?

MR. MOSQUERA: Yes.

MS. MANDICHAK: Yes.

MR. LYNCH: Yes.

MS. NGUYEN: Yes.

THE COURT: Did you review each one of those plea documents with your attorney before you signed them?

MR. MOSQUERA: Yes.
MS. MANDICHAK: Yes.
MR. LYNCH: Yes.
MS. NGUYEN: Yes.
THE COURT: At this time, I'll review some of the paragraphs that are contained in your plea agreement, starting with paragraph 1 entitled "Rights of the Defendant".
This paragraph lists constitutional rights that you have to plead not guilty, to have a trial by a jury, to have your guilt proved beyond a reasonable doubt, to confront and cross-examine witnesses and call witnesses in your defense, and to not be compelled to testify against yourself.
Do you understand that you have these constitutional rights?
MR. MOSQUERA: Yes.
MS. MANDICHAK: Yes.
MR. LYNCH: Yes.
MS. NGUYEN: Yes.
THE COURT: Paragraph 2 states that if you plead guilty, you will waive those constitutional rights. Do you understand this?
MR. MOSQUERA: Yes.
MS. MANDICHAK: Yes.
MR. LYNCH: Yes.
MS. NGUYEN: Yes.

THE COURT: Paragraph 3 entitled "Sentence" lists the maximum or the minimum and maximum statutory penalties that can be imposed in your case.

Mr. Mosquera, for you, they are imprisonment for a period not less than 10 years and not more than life, a fine not to exceed $10,000,000, a term of Supervised Release of at least 5 years, and a mandatory special assessment of $100.

For Ms. Mandichak, Mr. Lynch, and Ms. Nguyen, they are imprisonment for a period not to exceed 20 years or 30 years if the violation affected a financial institution, a fine not to exceed $250,000, or $1,000,000 if the violation affected a financial institution, a term of Supervised Release of not more than 3 years or 5 years if the violation affected a financial institution, and mandatory special assessment of $100.

Do each of you understand the statutory penalties that can be imposed in your case?

MR. MOSQUERA: Yes.

MS. MANDICHAK: Yes.

THE COURT: Mr. Mosquera, that doesn't apply to you. We've already reviewed yours. So just starting with Ms. Mandichak?

MS. MANDICHAK: Yes.

MR. LYNCH: Yes.

MS. NGUYEN: Yes.

THE COURT: All right, have each of you had sufficient time to review the United States Sentencing Guidelines with your attorney?

MR. MOSQUERA: Yes.

MS. MANDICHAK: Yes.

MR. LYNCH: Yes.

MS. NGUYEN: Yes.

THE COURT: And do you understand that while the Court will refer to those Guidelines in determining your sentence, the Guidelines are not binding upon the Court?

MR. MOSQUERA: Yes.

MS. MANDICHAK: Yes.

MR. LYNCH: Yes.

MS. NGUYEN: Yes.

THE COURT: Paragraphs 4, and Mr. Mosquera, this does not apply to you.

But as to the others, paragraph 4 states that your plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). That means that you and the Government agree that a specific sentence is appropriate in your case.

I believe the (c)(1)(C) sentence is the same for each of you. And it's set forth in subparagraphs (a) through (e) and is as follows.

You'll be sentenced to a term of imprisonment not to exceed 24 months. You do qualify for a mitigating role

adjustment under the United States Sentencing Guidelines 3B1.2(a).

You will forfeit the property set forth in paragraph 8 of this agreement. That you will pay the mandatory special assessment of $100 at or prior to the sentencing hearing. And the Court will determine and impose any fine or restitution it deems appropriate.

Starting with Ms. Mandichak, is that your understanding of the agreement that you've made with the Government?

MS. MANDICHAK: Yes.

MR. LYNCH: Yes.

MS. NGUYEN: Yes.

THE COURT: All right, and again, just to the three of you do you understand that the Court may decline to accept this (c)(1)(C) agreement?

MR. LYNCH: What was the question?

THE COURT: Do you understand that the Court may decline to accept this (c)(1)(C) agreement?

MS. MANDICHAK: Yes.

MR. LYNCH: Yes.

MS. NGUYEN: Yes.

THE COURT: Okay, do you all have questions about that? You look confused. Do you -- okay, do you understand that you'll -- if the Court did decline to accept your

(c)(1)(C) agreement, you'd have two options. One option would be then to withdraw your guilty plea. Do you understand?

MR. LYNCH: Yes.

MS. NGUYEN: Yes.

MS. MANDICHAK: Yes.

THE COURT: The second option would be to maintain your guilty plea and be sentenced outside of the (c)(1)(C). agreement, but within the statutory range that we just discussed? Do you understand that?

MS. MANDICHAK: Yes.

MR. LYNCH: Yes.

MS. NGUYEN: Yes.

THE COURT: Ms. Mandichak, are you sure you understand?

MS. MANDICHAK: Yes.

THE COURT: Okay. Okay. Mr. Mosquera, your paragraph 5 and this applies only to you, entitled "Guideline Stipulations" list certain Guideline provisions you and the Government agree should apply in your case. Do you understand that the Court is not bound by these stipulations?

MR. MOSQUERA: Yes.

THE COURT: So what that means is if the Court applies a different Guideline provision than what's listed in this paragraph, do you understand that you'll still be bound by this plea agreement?

MR. MOSQUERA: Yes.

THE COURT: There is a general restitution provision for Ms. Mandichak, Mr. Lynch, and Ms. Nguyen, stating that you understand that restitution may be ordered by the Court and you agree to pay any restitution that is ordered to the victims that your -- that results for losses that your criminal conduct resulted in. Is that correct?

MS. MANDICHAK: Yes.

MR. LYNCH: Yes.

MS. NGUYEN: Yes.

THE COURT: Paragraph 8 for -- and Mr. Mosquera, this does not apply to you. Paragraph 8 entitled "Forfeiture" states that you're agreeing to forfeit to the United States, Ms. Nguyen, for you -- only for you, the 2017 Mercedes Benz GLS 450 that's set forth in that paragraph.

And then, for each of you, there's a money judgment, but it's -- there's no specific amount listed. It's simply any property described as being subject to forfeiture as a result of your criminal conduct.

Are you in fact agreeing to forfeit any such assets to the Government?

MS. MANDICHAK: Yes.

MR. LYNCH: Yes.

MS. NGUYEN: Yes.

THE COURT: Paragraph entitled "Voluntary Plea" and

this is for each of you, states that your plea agreement is freely and voluntarily made. Has anyone tried to force you or threaten you to plead guilty in this case starting with Mr. Mosquera?

MR. MOSQUERA: No.

MS. MANDICHAK: No.

MR. LYNCH: No.

MS. NGUYEN: No.

THE COURT: Other than this written plea agreement, have any promises been made to you to induce your plea of guilty?

MR. MOSQUERA: No.

MS. MANDICHAK: No.

MR. LYNCH: No.

MS. NGUYEN: No.

THE COURT: The next paragraph, waiver of right to appeal or other challenge your sentence, states that you're agreeing to give up your appellate rights in this case with the exception of two limited circumstances.

One of those circumstances is your right to appeal or seek collateral review for a claim of ineffective assistance of counsel.

The other is your right to appeal any sentence that exceeds the statutory maximum, or for those of you who have (c)(1)(C) agreements, if the Court accepts your (c)(1)(C)

agreement, but then fails to sentence you within the terms of that agreement.

Are you in fact agreeing to give up your appellate rights in this case with the exception of those two circumstances?

MR. MOSQUERA: Yes.

MS. MANDICHAK: Yes.

MR. LYNCH: Yes.

MS. NGUYEN: Yes.

THE COURT: Mr. Mosquera, for you, there is an immigration status consequences paragraph, paragraph 15. Are you a citizen of the United States?

MR. MOSQUERA: No.

THE COURT: Do you understand that if you plead guilty in this case, after you serve the sentence that's imposed, you will likely be deported?

MR. MOSQUERA: Yes.

THE COURT: Do you also understand that if you plead guilty in this case, you will likely never be able to become a citizen of the United States?

MR. MOSQUERA: Yes.

THE COURT: Ms. Mandichak, Mr. Lynch, and Ms. Nguyen, have you ever been convicted of a felony before?

MS. MANDICHAK: No.

MR. LYNCH: No.

MS. NGUYEN: No.

THE COURT: Do you each of you understand that if you plead guilty in this case in addition to the sentence that's imposed, you will also lose certain rights that you now have as a citizen to serve on a jury, to vote, and to possess a firearm?

MS. MANDICHAK: Yes.

MR. LYNCH: Yes.

MS. NGUYEN: Yes.

THE COURT: At this time, I'll review the underlying factual basis for each case, starting with Mr. Mosquera, please.

MR. WYNNE: The Defendant Davidson Arlei Mosquera hereby stipulates and agrees that at all times relevant to the indictment herein, the following facts were true.

That the Defendant Davidson Arlei Mosquera, who is changing his plea to guilty, is the same person charged in the indictment.

That the Defendant and one or more persons in some way or manner made an agreement to commit the crime charged in the indictment to manufacture and distribute 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine intending, knowing, with reasonable cause to believe that the cocaine would be unlawfully imported into the United States.

That the Defendant knew the unlawful purpose of the agreement and joined in it with intent to further it.

That the Defendant knew that the amount involved during the term of the conspiracy involved at least 450 kilograms of a mixture or substance containing a detectable amount of cocaine and that this amount was involved in the conspiracy after the Defendant entered the conspiracy, was reasonably foreseeable to the Defendant, and was part of jointly undertaken activity.

That the Defendant conspired with others to import, manufacture, or distribute 450 kilograms or more of a mixture or substance containing a detectable amount of cocaine knowing that it would be unlawfully imported into the United States.

And specifically on September 13th, 2021, the Defendant and co-conspirators transported approximately 591 kilograms of cocaine through international waters off the cost of Colombia via a Go pass vessel. Signed by the Defendant and his counsel.

THE COURT: Thank you.

Mr. Mosquera, is everything in your factual basis true and correct?

MR. MOSQUERA: Yes.

THE COURT: Are there any changes that you'd like to make to it at this time?

MR. MOSQUERA: No.

THE COURT: All right, in your own words, please summarize your criminal conduct?

MR. MOSQUERA: I, Davidson Arlei Mosquera, I was the driver of the vessel that was transporting the cocaine.

THE COURT: Okay, and do you agree the factual basis states that the vessel that you were driving contained approximately 591 kilograms of cocaine? Did you know that?

MR. MOSQUERA: Yes.

THE COURT: Are both counsel satisfied there's a factual basis to support this plea?

MR. WYNNE: Yes, Your Honor.

MR. HYDE: Yes, Your Honor.

THE COURT: Okay, and then, can we summarize the factual basis for Ms. Mandichak, Mr. Lynch, and Ms. Nguyen?

MR. VARADARAJAN: Yes, Your Honor. The factual basis is essentially identical for each of these Defendants. Each of the Defendants who's entering a plea of guilty is the same person charged in the indictment.

The events and conduct described in the indictment occurred in the Eastern District of Texas and elsewhere.

During the conspiracy, Ms. Nguyen, who was a director of national accounts for a company called Electronic Transaction Systems Corporation or ETS, Mr. Lynch was a sales manager and held a leadership role at that same company, and Ms. Hall Mandichak was the national sales manager at ETS.

Each of the Defendants conspired with their -- willfully conspired with their co-defendants Ed Vaughan, Hadi Akkad, and Gina Ellingsen and each other to commit wire fraud in violation of Title 18, United States Code §1349.

From in and around April of 2012 and continuing up through the spring of 2019, each of the Defendants and others at ETS performed the following acts in furtherance of the conspiracy.

They caused ETS to enter into contracts with merchant clients that misled merchant clients using contracts, sales pitches, calls, and emails into believing that ETS utilized a transparent pricing structure with no quote unquote hidden fees.

The embedded hidden mark-ups in the interchange fees, which were never disclosed in the contracts or the account statements provided to merchant clients, they altered the interchange fees to include hidden mark-ups by accessing billing tables and software located on computer systems belonging to a third-party company.

ETS employees referred to this as accessing quote unquote the backend computer system. They communicated with each other and with merchant clients by phone, email, and in-person meetings.

And when explaining ETS rates to merchant clients,

they didn't disclose the true nature of their pricing model, but when confronted by merchant clients about the hidden charges, they denied any wrongdoing.

They participated in overt acts in the Eastern District of Texas, which enabled them to engage in financial transactions in excess of $10,000 to criminally derive property, personally profited from the scheme using fraudulent funds for large bonuses, luxury vehicles, private aircraft, and high end real estate. And in communicating and transacting with merchant clients, caused wire transmissions that affected interstate commerce.

The Defendants' collective conduct affected government municipalities, private businesses, and charity organizations. Signed and acknowledged by each of the Defendants and their respective counsel.

THE COURT: Thank you.

All right, starting with Ms. Mandichak, is everything in your factual basis true and correct?

MS. MANDICHAK: Yes.

THE COURT: Mr. Lynch?

MR. LYNCH: Yes.

MS. NGUYEN: Yes.

THE COURT: Are there any changes that you'd like to make to the factual basis at this time?

MS. MANDICHAK: No.

MR. LYNCH: No.

MS. NGUYEN: No.

THE COURT: All right, in your own words, please summarize the criminal conduct that you're pleading guilty to?

MS. MANDICHAK: I worked for a company. When I learned they were doing something, what I thought to be wrong, I said something, however, continued working there, did not leave soon enough. And I regret not leaving soon enough.

THE COURT: Okay, and then, the something that you're talking about that you thought was wrong, but continued to work and I guess therefore participate in the conduct was misleading merchants about the hidden fees, correct?

MS. MANDICHAK: Yeah, we learned there was a -- what looked to be a charge that was disclosed on an agreement, but not the statement, correct.

THE COURT: And you personally profited I guess the company and by working with the company, you also personally profited from those hidden fees, correct?

MS. MANDICHAK: Continued to get a paycheck. I don't own any luxury things, but did continue to get a paycheck, correct.

THE COURT: Okay. Are both counsel satisfied there's a factual basis to support this plea?

MR. VARADARAJAN: Yes, Your Honor.

THE COURT: Defense counsel?

MR. SMITH: Yes.

THE COURT: All right. Mr. Lynch, in your own words, please summarize the criminal conduct that you're pleading guilty to?

MR. LYNCH: I worked for a company that did bad things and I didn't say something soon enough and I didn't leave soon enough.

THE COURT: Okay. And again, the bad thing is?

MR. LYNCH: The company didn't disclose interchange fees to their clients.

THE COURT: Are both counsel satisfied there's a factual basis to support this plea?

MR. VARADARAJAN: Yes, Your Honor.

MR. SPENCER: Yes, Your Honor.

THE COURT: All right, and Ms. Nguyen?

MS. NGUYEN: I participated in misrepresenting our fees to customers.

THE COURT: Are both counsel satisfied there's a factual basis to support this plea?

MR. VARADARAJAN: Yes, Your Honor.

MR. WHALEN: Yes, Your Honor.

THE COURT: All right, let me ask each Defense counsel, have you had sufficient time to review and discuss the case with your client?

MR. HYDE: Yes, Your Honor.

MR. SMITH: I have, Your Honor.

MR. SPENCER: Yes, Your Honor.

MR. WHALEN: Yes, Your Honor.

THE COURT: Do you join in your client's decision to plead guilty?

MR. HYDE: I do, Your Honor.

MR. SMITH: I do.

MR. SPENCER: Yes, Your Honor.

MR. WHALEN: Yes, Your Honor.

THE COURT: All right, and Mr. Hyde, let me ask you specifically. Have you read each of these plea documents and carefully reviewed them with your client?

MR. HYDE: Yes, I have.

THE COURT: Okay, all right, at this time, I'll ask each of you how you plead. In case 4:21-CR-279 as to Count 2 of the indictment, which charges a violation of 21 United States Code 963, conspiracy to manufacture and distribute cocaine intending, knowing, and with reasonable cause to believe the cocaine will be unlawfully imported into the United States, how do you plead, guilty or not guilty?

MR. MOSQUERA: Guilty.

THE COURT: And in case 4:22-CR-162, as to Count 1 of the indictment charging a violation of 18 United States Code 1349, conspiracy to commit wire fraud, how do you plead, guilty or not guilty?

MS. MANDICHAK: Guilty.

MR. LYNCH: Guilty.

MS. NGUYEN: Guilty.

THE COURT: I'll accept each of your pleas of guilty. I'll make the following findings on the record for each of your cases.

The Court finds that you are competent to plead and you've had assistance of counsel, you understand your trial rights and the nature of the charges that are alleged against you, you understand the statutory penalties that the Court may impose, and while the Court will refer to the Sentencing Guidelines in determining your sentence, those Guidelines are not binding upon the Court.

I do find that your plea is knowing and voluntary. There is a factual basis to support your plea. I will make a recommendation that the District Court accept your plea of guilty. You do have 14 days to make an objection to that recommendation.

All right, Mr. Mosquera, at this time, you'll be remanded to the custody of the United States Marshal pending your sentencing hearing.

As to Ms. Mandichak, Mr. Lynch, and Ms. Nguyen, Pre-trial has recommended that each of you remain on release pending your sentencing hearing as you have been compliant with your conditions of release.

Does the Government have any objection?

MR. VARADARAJAN: No objection, Your Honor.

THE COURT: All right, I will allow each of you to remain on your conditions of release pending your sentencing hearing.

Anything further from counsel at this time?

MR. HYDE: No, Your Honor.

MR. SMITH: No, Your Honor.

MR. SPENCER: No, Your Honor.

MR. WHALEN: No, Your Honor.

THE COURT: We'll stand adjourned.

(Proceedings concluded at 10:35 a.m.)

**CERTIFICATE**

I, Chris Hwang, court approved transcriber, certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter.

/s/ *Chris Hwang*
___________________ July 15, 2024

Chris Hwang Date

Court Reporter